W. A. PARRISH v. AMERICAN NATIONAL INSURANCE COMPANY.

(Filed 12 April, 1916.)

**1. Insurance, Life—False Representations—Verdict—Harmless Error.**

Where payment of a policy of life insurance is resisted on the ground that the applicant made false and material representations as to having a certain disease at the time, and the jury have found as a fact that applicant did not have the disease then, the inquiry as to whether she knew she had it becomes immaterial.

**2. Instructions—Remarks of Court—Appeal and Error—Trials.**

Where the trial judge remarks in his charge to the jury that he did not recall any evidence bearing upon a certain phase of the controversy, but they were the sole judges of what the witnesses said and must be guided by their own recollection, the defendant cannot he prejudiced thereby.

**3. Instructions—Matters Relied on—Inquiry.**

Where the pleadings, evidence, and the issue tendered by the insured to avoid payment of a life insurance policy for false representations present but one matter, it is not error for the trial judge, in his charge, to confine the consideration of the jury to it.

ACTION tried before *Peebles, J.,* and a jury, at August Term, 1915, of FRANKLIN.

This is an action to recover the amount of a policy of insurance on the life of Mary I. Parrish, the defense being that she falsely stated in her application that she did not have cancer of the womb.

The jury rendered the following verdict:

1. Did Mary I. Parrish in her application falsely represent to the defendant that she did not have cancer of the womb, knowing said representation to be false? Answer: "No."

2. Did Mary I. Parrish have cancer of the womb at the time of making application for the policy of insurance issued by defendant? Answer: "No."

3. In what amount is the defendant indebted to the plaintiff? Answer: "$1,000, at 6 per cent per annum from 2 February, 1914, until paid."

Judgment was rendered upon the verdict in favor of the plaintiff, and the defendant appealed.

*W. M. Person and Bickett, White & Malone for plaintiff.*
*Ben. T. Holden and William H. Ruffin for defendant.*

PER CURIAM. The first, second, seventh, and tenth exceptions relating to the incorporation into the issues and the charge of the element of knowledge on the part of the insured of the disease of which it is alleged she died, cancer of the womb, at the time of the application for insurance, become immaterial in view of the finding of the jury in answer to the second issue, that the insured did not have cancer of the womb at the time of making her application.

The third, fourth, and fifth exceptions are abandoned in the brief.

The sixth and ninth exceptions are to statements made by his Honor that he did not recall any witness saying the insured died of cancer of the womb. No exception was made to these remarks at the time, and his Honor further charged:

"You must not be guided by my recollection of the testimony or by the recollection of counsel. You must be guided by your own recollection. You are the sole judges of what the witnesses said and the sole judges of what credit is to be given the testimony of the witnesses."

We see nothing in this to prejudice the cause of the defendant.

The eighth exception is that his Honor confined the representations to cancer of the womb; but the answer to this is that the pleadings, the evidence, and the issue tendered by the defendant show that the only representation relied on to avoid the policy was that she did not have cancer of the womb.

We have carefully examined the record, and find

No error.