# CHARLESTON.

STATE *ex rel.* PAULINA B. RAMSEY, *Petitioner*

*v.*

GEORGE W. SHARP, SECRETARY, *Etc., Respondent*

(No. 6338)

Submitted September 5, 1928. Decided September 11, 1928.

*George S. Wallace,* for petitioner.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent Sharp.

*Holt* and *Holt,* for Edwin I. Ford.

LITZ, JUDGE:

The relator, Paulina B. Ramsey, seeks by peremptory writ of mandamus, to compel the respondent, George W. Sharp, as Secretary of State of West Virginia, to issue to her a certificate of election as a committeewoman of the democratic state executive committee.

Prior to the enfranchisement of women, section 3, chapter 26, Acts of 1915, as amended by the Acts of 1919, provided that there should be chosen at the May primary for each political party a state executive committee consisting of two members for each senatorial district, to be selected by the party voters in such district, and who should not be residents of the same county. Chapter 23, Acts 1923, amending section 3, chapter 26, Acts 1915, as amended by section 3, chapter 78, Acts 1919, provides: ''There shall be chosen at the May primary for each political party, as hereinafter provided, a state executive committee consisting of two committeemen and two committeewomen from each senatorial district to be selected by the party voters in such district, *and not more than two of them shall be residents of the same county.*''

At the primary election of May 29, 1928, Carney M. Layne, of Cabell county, Edwin I. Ford, of Cabell county, and J. T. Garrett, of Putnam county, were candidates for the office of committeemen, and the relator, Paulina B. Ramsey, of Cabell county, Fan Pollard, of Cabell county, and Georgia Taylor, of Lincoln county, were candidates for committeewomen of the democratic state executive committee, from the fifth sena-

torial district. Layne, Ford and Garrett received, respectively, 9,167 votes, 7,994 votes and 4,926 votes. Relator, Fan Pollard and Georgia Taylor received, respectively, 7,237 votes, 6,689 votes and 5,259 votes. The respondent issued certificates of election only to Layne, Ford and Georgia Taylor, and refused to issue a certificate of election to the relator, although she had received the highest number of votes as a candidate for committeewoman. This action resulted from the theory apparently entertained by the Secretary of State that as Layne and Ford had each received a higher number of votes than the third candidate for committeeman or any of the women, each was entitled to certificates of election; and both being residents of Cabell county, no certificate of election could be issued to any candidate for committeewoman from that county.

The issue presented involves the construction of section 3, chapter 23, of the 1923 Acts. The relator contends that the statute does not authorize the selection of two committeemen from the same county. The respondent, on the other hand, insists that so long as no more than two members are selected from a county, they may be two committeemen or two committeewomen, as well as a committeeman and committeewoman.

We find it unnecessary to adopt the construction suggested by either party in determining the question involved in this proceeding. The statute requires the selection by the voters of the district, if there be sufficient number of candidates, of two committeemen and two committeewomen, and the provision that "not more than two of whom shall be residents of the same county" cannot be so applied as to destroy the purpose of the act. The fallacy of the ruling of respondent in depriving the voters of one of the committeewomen selected, because the two men, Layne and Ford, each received a higher number of votes than any of the women, is obvious when it is considered that the men and women were candidates for different offices. Without the qualifying clause, in the statute, "not more than two of whom shall be residents of the same county," Layne and Ford should have been declared elected as committeemen, and the relator and Fan Pollard as commit-

teewomen. Layne and relator having received the highest vote for committeeman and committeewomen, respectively, their right to the respective offices for which they were candidates is superior to that of any other candidate; and both being from Cabell county, all other candidates from the same county for either office are disqualified under the restriction.

We, therefore, are of opinion that the relator is entitled to the relief sought, and it is accordingly ordered.

*Writ awarded.*