GROVER C. FANSLER *v.* CLARA RIGHTMIRE, *Clerk, etc., et al.*

(No. 8077)

Submitted October 29, 1934.   Decided October 30, 1934.

*D. E. Cuppett, Alan G. Bolton* and *D. E. Cuppett, Jr.,* for relator.

*A. F. Suder* and *Dale G. Casto,* for respondents Harry DePollo and D. L. Evans.

WOODS, PRESIDENT:

This is a proceeding by mandamus to require the board of ballot commissioners for Tucker county to have relator's name printed on the official ballot to be voted in the general election, November 6, 1934, as one of the three Democratic candidates for county commissioner.

The Legislature, by chapter 127, Acts Second Extraordinary Session 1933, repealed chapter 49, Acts 1913, whereby a seven-commissioner court had been established in Tucker county. Section 2 of Chapter 127 provides that the seven-commissioner court shall continue in office until January 1, 1935; section 3, that at the "general election" 1934, three commissioners shall be elected—the commissioner receiving the highest number of votes to hold for a term of six years, the second highest for four years, and the third for two years, so that one commissioner shall be elected every two years thereafter; and section 4, in the exact language of section 23, Article VIII, Constitution of West Virginia, that "No two of said commissioners shall be elected from the same magisterial district. And if two or more persons residing in the same district shall receive the greater number of votes cast at any election, then only the one of such persons receiving the highest number shall be declared elected, and the person living in another district, who shall receive the next highest number of votes shall

be declared elected." The integrity of the seven magisterial districts was not disturbed.

At the primary election, in August, 1934, the four leading candidates for Democratic nomination for county commissioners were: Harry DePollo (Fairfax district) 1094 votes; J. F. Robinson (Black Fork district) 824; G. C. Fansler, relator herein, (Fairfax district) 797; and D. L. Evans (St. George district) 672. The county court, acting as a canvassing board, declared and certified the names of Harry DePollo, J. F. Robinson and D. L. Evans, as the Democratic nominees; G. C. Fansler, the candidate receiving the third highest number of votes, being eliminated under an application of the statutory-constitutional provision heretofore quoted.

Relator contends that the provision prohibiting the election of more than one commissioner from any magisterial district has no application to the selection of candidates, and, that, so far as the primary is concerned, those "receiving the highest number of votes, to the number to be elected, in all cases in which two or more persons are to be elected to the same office," etc., are entitled to have their names placed on the official ballot regardless of district. Code 1931, 3-4-5.

The statute (chapter 127) itself purports to deal only with the "general election", 1934, and therefore can have no application here. So, the pivotal point in this proceeding is whether the primary is an "election" within the meaning of the constitutional provision, *supra*. While the authorities on this point are not harmonious, the weight of authority is that the word "election" as used in constitutions and statutes does not include a primary election unless it is expressly so provided. 20 C. J. 57, 114.

It is apparent that the word "election" as used in the constitutional provision, *supra*, was intended to refer to the final choice of the entire electorate. Candidates at the time of the adoption of our present Constitution were chosen by party conventions. A primary was not contemplated. The mere fact that an anomalous situation, such as here presented, might arise under Code

1931, 3-4-5, does not warrant the application of the constitutional provision under consideration. The political party affected should have foreseen such contingency, and taken steps to avoid the same. The very language of the constitutional provision, *supra,* clearly implies that there may be more than one candidate from the same magisterial district.

The relator, having received the third highest number of votes, is entitled to have his name placed on the ballot in lieu of D. L. Evans.

*Writ awarded.*