HARRY IRONS

*v.*

S. P. FRY

(No. 9895)

Submitted October 18, 1946.  Decided November 12, 1946.

*Buford C. Tynes, Frank Eaton,* and *J. Floyd Harrison,* for plaintiff in error.

*M. J. Ferguson,* and *Okey P. Keadle,* for defendant in error.

RILEY, JUDGE:

S. P. Fry was declared the Democratic nominee for the office of commissioner of the County Court of Wayne County, upon a recount held by said county court upon the notice of contest of the contestant, Harry Irons. The contestee Fry prosecutes this writ of error to the order

of the Circuit Court of Wayne County, entered on October 8, 1946, which order affirmed an order of the county court overruling contestee's demurrer to the notice of contest therein and reversed the order of the county court declaring that contestee Fry was the duly elected nominee at the primary election held on August 6, 1946, on the ground that contestee Fry was a *bona fide* resident of Union District and was ineligible because W. Frank Harrison, a hold-over member of the county court, was elected from said Union District.

After the returns were canvassed on August 9, 1946, the county court, acting as a board of canvassers, officially declared the results as follows:

S. P. Fry, contestee _____1,928 votes
J. C. Wilson, incumbent _____1,104 votes
Harry Irons, contestant _____ 672 votes
Bernard B. Smith _____ 273 votes
John B. Jackson _____ 214 votes
C. E. Romans _____ 139 votes

and on the same day a certificate of nomination was issued to the contestee Fry.

Three grounds of error are cited here: (1) That contestant's notice of contest is fatally defective in that it fails to state: (a) that contestant was a candidate for the office in question, or even an elector of the county or state; (b) that contestee was a resident of Union District on August 6, 1946, the day of the primary; and (c) that contestant would, under Code, 3-4-5, be the duly chosen nominee of the Democratic party for the office in contest, in the event contestee is ineligible and disqualified therefore; (2) that Article VIII of the Constitution of West Virginia, upon which contestant relies, defines the grounds of disqualification and ineligibility of persons elected to said office at an election and not persons nominated therefor; and (3) that the office of county commissioner, being a constitutional office, Code, 3-4-5, is unconstitutional, as enlarging upon Article VIII, Section 23, West Virginia Constitution. The pertinent constitutional provision reads: "No two of said commissioners

shall be elected from the same magisterial district.". Chapter 48, Section 5, Acts, 1943, amending and reenacting Code, 3-4-5, reads in part, as follows:

> "*Provided, however,* That with respect to nominations of commissioners of county courts, no two of such commissioners shall be nominated as the party candidates from the same magisterial district where more than one such commissioner is to be so nominated at any primary election, and if two or more persons residing in the same district shall in any case receive the greater number of votes cast at such primary election, then only the one of such persons receiving the highest number shall be declared nominated as the candidate of his party, and the person living in another district who shall receive the next highest number of votes shall be declared nominated as the candidate of his party, and so on to the next highest in another district; *and in no event shall any such candidate be nominated from the same magisterial district wherein an already elected or otherwise qualified member of such county court resides and who will continue to hold office after the beginning of the term for which such nomination is made.*" (Italics supplied.)

It is true that the notice lacks the averments as particularized in the first ground of demurrer. If the notice of contest is defective for the reasons set forth in contestee's demurrer, the sufficiency of the notice presents the controlling question in this case, and Fry's nomination, as declared by the county court, would stand free from attack just as though no contest had been instituted.

On this writ of error this Court on October 19, 1946, made and entered an order sustaining the demurrer to the contestant's notice of contest and dismissing the notice at contestant's cost. The order contained the recital that "* * * the notice of contest is insufficient in law and that upon the record the contestee, S. P. Fry, was a bona fide resident of Stonewall District, Wayne County, West Virginia, on the date of the primary election, August 6, 1946, and that he was duly nominated at said primary election as Democratic nominee for the office of Commis-

sioner of the County Court of Wayne County, and that no vacancy exists in the nomination for said office * * *". This opinion is written in pursuance of a reservation contained in said order to the effect that a written opinion would be filed at a later date.

Code, 3-4-25, provides: "Any candidate for nomination for an office to be filled by the voters of a county * * * may contest the primary election before the county court of the county. The procedure in such case shall be the same as that governing the contest of a general election by candidates for county offices * * *". Code, 3-9-2, provides: "A person intending to contest the election of another to any county or district office * * * shall, within ten days after the result of the election is declared, give the contestee notice in writing of such intention, and a list of the votes he will dispute, with the objections to each, and of the votes rejected for which he will contend. If the contestant object to the legality of the election, or the qualification of the person returned as elected, the notice shall set forth the facts on which such objection is founded."

The quoted portion of the last-mentioned provision of the Code is almost identical with the language used in Section 30, Chapter 118, Acts of the Legislature of West Virginia, 1872-3, which was under consideration by this Court in *Dryden* v. *Swinburn,* 15 W. Va. 234. In that case, which involved the qualification to hold a county office by the person returned as elected, this Court held sufficient a notice of contest in which the contestant stated that he would resist contestee's right to hold the office under contest or to perform the duties thereof, and shall "claim to be myself duly and legally elected to said office at said election." In the syllabus of the *Dryden* case this Court said (page 235) : "It is sufficient that the notice should show he [contestant] was a candidate for the office at the election, and set forth the facts on which he based his objections to his opponent holding the office." So, we think that under the *Dryden* case and Code, 3-4-25, which provides that the procedure in a contest for a

nomination purported to have been made at a primary election "shall be the same as that governing the contest of a general election by candidates for county offices", the *Dryden* case is in point with the case at bar and contestant's notice is defective for the reason that it does not state that contestant was a candidate for the nomination and was entitled to such nomination. It was for this reason that the Court dismissed the notice in its order of October 19, 1946.

The foregoing disposes of the case and, as set forth in the recitals of the order of October 19, 1946, the contestee, S. P. Fry, was duly nominated at the primary election of August 6, 1946, and no vacancy exists in the nomination under contest. But, because of the public interest involved, we deem it desirable to state the reasons for the finding contained in the recital in the order of October 19, 1946, that: "* * * contestee, S. P. Fry, was a bona fide resident of Stonewall District * * * on the date of the primary election, August 6, 1946."

Prior to May 1, 1946, S. P. Fry and his wife, Ethel Fry, together with their children lived in a house situated on 13.5 acres of land in Union District, near the village of Dickson. On January 7, 1936, the property, then being in contestee's name, he conveyed the fee simple title thereto to his wife, Ethel Fry. Thereafter the parties continued to live in the house on the property until about May 1, 1946, when contestee who, for about four years had been engaged in the coal business at East Lynn in Stonewall District, which he claims was his residence at the time of the primary election, rented an apartment from his brother into which he moved. According to his testimony and that of his wife, he proceeded to live there and was so living at the time this proceeding was instituted; and cancelled rent checks were introduced in evidence purporting to cover rent for May and June, 1946.

It seems that until 1942, when the dearth of gasoline occurred as the result of World War II, contestee, who had been engaged in the gasoline business on his property in Union District, was compelled to and did cease

from engaging in that business. At the time he claims he had changed his residence to Stonewall District, he had a truck in the garage on the property in Union District and several gasoline pumps. Mrs. Fry and her children did not move to Stonewall District with her husband until after the primary election, for the reason that one of the Fry boys, who was in the Army, was expecting to be sent to Japan, and in order for Mrs. Fry to receive telephone calls from him, especially when he was on the West coast, it was necessary for her to stay in Union District, where there was telephone service which was unavailable at East Lynn, Stonewall District.

Carlton Adkins, the operator of a school bus, testified that during 1945 but not later than May, 1946, he carried some of contestee's children to and from the Lavalette school in Union District. W. B. Bias, a rural mail carrier, delivered mail to contestee's family at the Union District house after May 1, 1946, though sometimes the address of letters was changed to East Lynn. Emmett Hutchinson, who lived across the road from the Frys, testified, without objection, that he had not seen the Frys lately at the house in Union District, and that he heard that Fry was engaged in the coal business at East Lynn. The Clerk of the County Court of Wayne County testified that the contestee had changed his registration from Union District to East Lynn School Precinct in Stonewall District on May 19, 1946, but that Ethel Fry was still registered in Union District on August 6, 1946. Fry testified that he moved to Stonewall District in order to be near his coal business, which was the sole source of his income, and for the further reason that he desired to qualify himself as a candidate for the Democratic nomination for commissioner of the county court. His testimony is to the effect that he intended to make Stonewall District his permanent residence and his official announcement of candidacy, dated May 4, 1946, recited that he lived in East Lynn in Stonewall District. The fact that the Fry children were in school in Union District at the time contestee moved to East Lynn, and Mrs. Fry's reason for continuing to live in Union District, in our

opinion, are not inconsistent with Fry's intention to change his residence. Fry acted on his intention as expressed in the announcement of his candidacy dated May 4, 1946, and in furtherance of that intention he took active steps to become, and we think he became, a *bona fide* resident of Stonewall District.

In *Sutton* v. *Sutton,* 128 W. Va. 290, 36 S. E. 2d 608, this Court held that "the physical presence of a person, coupled with the intent to remain, is all that is required to acquire a domicile, and that it is not material whether he is living in a house of his own [or] a rented house." Having established his residence in Stonewall District in good faith, the fact that he was motivated by a desire to qualify himself for the nomination under attack, is of no importance.

The dismissal of the notice of contest renders moot the question of the constitutionality of Code, 3-4-5, which question we do not decide.

Because of the insufficiency of the notice of contest, the order of October 19, 1946, dismissing the notice, was entered by this Court.

*Notice of contest dismissed.*