LOUIS D. MEISEL

*v.*

D. PITT O'BRIEN, *Secretary of State* of STATE OF WEST VIRGINIA, H. WILLIAM LARGENT, *et. als.*

(No. 10837)

Submitted June 26, 1956.    Decided July 3, 1956.

*Carl L. Davis,* for relator.

*John G. Fox,* Attorney General, *George G. Burnette, Jr.,* Assistant Attorney General, for respondents.

LOVINS, JUDGE:

By this original proceeding in mandamus, Louis D. Meisel seeks to be inducted into office as a Member of the State Executive Committee for the Republican Party representing the Fourteenth Senatorial District.

He filed his petition against D. Pitt O'Brien, Secretary of the State of West Virginia, H. William Largent, Ad L. Thomas, Leota Gaskins, Mavis A. Mann, Myrtle S. Sowers and Frances K. Watson, all of whom, except the defendant O'Brien, were candidates for the office of Member of the Republican State Executive Committee for the Fourteenth Senatorial District. This proceeding was submitted on petition and demurrer, therefore, the facts are not disputed.

At the primary election held on May 8, 1956, the persons receiving votes for the offices of committeeman of the Republican State Executive Committee for the fourteenth Senatorial District, as shown by the tabulation of votes cast in such Senatorial District are: Ad L. Thomas and Louis D. Meisel, residents of Marion County, received 7,447 votes and 7,008 votes respectively. H. William Largent, a resident of Monongalia County, received 6,977 votes. For offices of committeewomen, the tabulation of votes disclosed the following results: Mavis A. Mann, a resident of Monongalia County, received 5,727 votes; Frances K. Watson of Marion County, 5,588 votes; Myrtle S. Sowers of Monongalia County, 5,118 votes and Leota Gaskins of Marion County, 4,672 votes.

The petitioner contends that he was elected as a committeeman for the Fourteenth District, according to the

foregoing tabulation, and that he should have been inducted into such office by the Secretary of State. On the contrary, the Secretary of State refused to issue to the petitioner a *certificate of election* as a Member of the State Executive Committee for the Fourteenth District, but has indicated that Ad L. Thomas and H. William Largent were elected as committeemen from such Senatorial District.

The petitioner prays for a peremptory writ of mandamus directed to the Secretary of State, D. Pitt O'Brien, requiring him to issue a *certificate of election* as committeeman for the Republican State Executive Committee from the Fourteenth Senatorial District of West Virginia.

Under the reapportionment statute, passed in 1951, the Fourteenth Senatorial District is composed of the counties of Marion and Monongalia. Chapter 165, Acts of the Legislature, 1951, Regular Session.

The relator Meisel prays that the respondent O'Brien be required to issue him a *certificate of election*. We find no statutory provision relating to the issuance of a certificate of election. We treat the prayer of the petition as praying that relator be inducted into the office he claims.

Mandamus is the proper remedy to enforce a ministerial right to be performed by the defendant O'Brien. "A mandamus shall lie from the supreme court of appeals, or any one of the judges thereof in vacation, returnable before said court, to compel any officer herein to do and perform legally any duty herein required of him." Code, 3-5-41.

There are provisions for the certification of results by the Secretary of State as to members of the Leglslature and others, and for a proclamation by the Governor as to United States Senators, Judges and others, but the statutes are silent as to a declaration or certification respecting State Executive Committee Members. Since, however, Code, 3-4-18, as amended by Chapter 50, Acts of the Legislature, 1943, Regular Session, requires such results

to be certified by precinct election officers to the Secretary of State, it is a reasonable inference that the Secretary of State having received such certificates, should furnish to a person elected to the office of State Executive Committeeman or Committeewoman a certificate of those results.

Election to political office, as provided in this jurisdiction were unknown at common law. *Taylor* v. *Beckham*, 178 U. S. 548, 20 S. Ct. 890, 901. "Our system of elections was unknown to the common law, and the whole subject is regulated by constitutions and statutes passed thereunder." The foregoing language is quoted with approval in the case of *Morris* v. *Board of Canvassers*, 49 W. Va. 251, 255, 38 S. E. 500. See *Halstead* v. *Rader*, 27 W. Va. 806; *Robertson* v. *County Court of Kanawha County*, 131 W. Va. 521, 524, 48 S. E. 2d 345; *Forsythe* v. *County Court of Cabell County*, 131 W. Va. 570, 576, 48 S. E. 2d 412; *Evans* v. *Charles*, 133 W. Va. 463, 468, 56 S. E. 2d 880; *Simms* v. *County Court*, 134 W. Va. 867, 871, 61 S. E. 2d 849 and 18 Am. Jur., Elections, Sections 2 and 6.

There being no common law principle applicable to the instant case, we must look to our statutes to furnish a basis for determination of the instant controversy.

A plurality governs in a primary election which includes party committeemen. Code, 3-4-22. The election of state committeemen for political parties is authorized by statute, the pertinent portion of which reads as follows: "At the May primary in the year nineteen hundred and thirty-two and in every fourth year thereafter, the voters of each political party, in each senatorial district, shall elect two male and two female members of the state executive committee of the party, not more than two of whom shall be residents of the same county: * * * ". Code, 3-3-3.

The other portions of Code, 3-3-3, relates to the powers of other political committees and are not pertinent to this inquiry.

The above quoted portion of the statute was considered by this Court in the case of *State* v. *Sharp*, 106 W. Va. 21, 144 S. E. 562. In the *Sharp* case, the personnel of the State Executive Committee for the Fifth Senatorial District was considered. The statute there considered was identical with the one in the instant case, except that the word "them" instead of the word "whom" was used. Six persons were voted for at the primary election held May 28, 1928, which resulted as follows: Carney M. Layne, a resident of Cabell County, received 9,167 votes; Edwin I. Ford, a resident of Cabell County, received 7,994 votes; J. T. Garrett, a resident of Putnam County, received 4,926 votes; Paulina B. Ramsey, a resident of Cabell County, received 7,237 votes; Fan Pollard, a resident of Cabell County, received 6,689 votes and Georgia Taylor, a resident of Lincoln County received 5,259 votes.

It was held in the *Sharp* case that the offices of committeeman and committeewoman are separate; that the relator Ramsey and Layne were elected and Ford and Pollard disqualified, since both Layne and Ramsey were residents of Cabell County.

In the instant case, we are confronted with a similar problem as to the persons receiving a plurality of votes for the office of committeeman and committeewoman respectively from the Fourteenth Senatorial District, as shown by the following: Ad L. Thomas, a resident of Marion County, received 7,447 votes; Louis D. Meisel, a resident of Marion County, received 7,008 votes; H. William Largent, a resident of Monongalia County, received 6,977 votes; Mavis A. Mann, a resident of Monongalia County, received 5,727 votes; Frances K. Watson, a resident of Marion County, received 5,588 votes; Myrtle S. Sowers, a resident of Monongalia County, received 5,118 votes and Leota Gaskins, a resident of Marion County, received 4,672 votes.

It will be seen from the foregoing tabulation that we are not confronted with precisely the same problem as to

the two persons receiving the highest number of votes as in the *Sharp* case. But the question is reached when we come to consider the rights of the relator Meisel and the rights of Watson. Meisel received a higher number of votes than Watson and was elected to the office of Member of the State Republican Executive Committee for the Fourteenth Senatorial District over Watson. Applying the statutory rule providing for election of offices by plurality as hereinabove indicated, that would result in there being two members of the State Executive Committee from Marion County and would prevent the induction of Watson into such office, thus a vacancy would remain in the State Executive Committeewomen and a female resident of Monongalia who received the next highest number of votes should be inducted into the office of a Member of the Republican State Executive Committee. This follows the rule in the *Sharp* case by disqualifying Watson when there was no vacancy in the Committee for a resident of her county.

We think that the person receiving a plurality of votes should be inducted into office unless disqualified, as in the case of Watson.

The first paragraph of Code, 3-3-3, which is determinative of the rights of parties, has two aspects, one authorizing the election of members of the State Executive Committee and the other limiting such office to two members in one county. The limiting part of the statute applies to the four members to be elected from each Senatorial District and the language of the statute will not permit a different application.

No provision is found in the statute requiring that there should be one man and one woman as members of the State Executive Committee from any county. The phrase "* * * not more than two of whom shall be residents of the same county * * *", is a limitation upon the rights of a person to be elected to office, arising by reason of residence. The statute is without ambiguity and there is no course open but to give it effect and hold that quali-

fied persons receiving a plurality of votes cast at the primary election held on May 8, 1956, for the office here considered, are elected to the offices of committeeman and committeewoman from the Fourteenth Senatorial District.

In accordance with the foregoing, a peremptory writ of mandamus is awarded, requiring the respondent O'Brien to issue to the relator a certificate of the results of the election for the office of committeeman for the Republican State Executive Committee for the Fourteenth Senatorial District of this state.

*Writ awarded.*