STATE OF WEST VIRGINIA *ex rel.* W. E. BREWER *et al.*

*v.*

AMOS C. WILSON, *et al.*

(No. 12608)

Submitted September 28, 1966.

Decision Order October 5, 1966
(Opinion October 18, 1966)

114

*W. Bernard Smith,* for relators.

*Phillips & Wilson, Amos C. Wilson,* for respondents.

CALHOUN, JUDGE:

In this original proceeding in mandamus, the petitioners, W. E. Brewer, Mrs. Dorothy E. Cudden, Greenway McCloud, Sarah Raines, Don Deskins, Constance Thornbury, Ben Maynard and Mrs. Silas Easterling, seek to require the respondents, Amos C. Wilson, Roy Platt and John R. Browning, who constitute the board of ballot commissioners of Logan County, to omit the name of Wallace Jennings Deskins, Jr., from the ballot and voting machine ballot labels as the Republican nominee and candidate for the office of commissioner of the county court in the General Election to be held November 8, 1966, and instead to place on such ballots and voting machine ballot labels the name of Dr. W. E. Brewer as the Republican nominee and candidate for the office of commissioner of the county court. The petitioners are members of the Republican Party and qualified voters of Logan County who voted in the Primary Election held on May 10, 1966.

The case has been submitted to the Court for decision upon the mandamus petition, upon an answer with exhibits, upon a demurrer to the petition and upon briefs of counsel. No disputed issue of fact is presented for decision.

On October 5, 1966, the Court entered an order by which a writ as prayed for in the petition was awarded and by which the Court reserved the right later to file a written opinion setting forth the reasons for the Court's decision. This opinion has been prepared and is filed pursuant to the reservation in the order of the right to do so.

The respondents contend that Wallace Jennings Deskins, Jr., was legally nominated in the 1966 Primary Election as the Republican candidate for the office of commissioner of the county court. The petitioners contend that Deskins was not legally nominated because he was not legally qualified or eligible to be nominated in the Primary Election; that his alleged nomination is invalid; and that, therefore, Dr. W. E. Brewer is the lawful nominee and candidate because of his nomination by the Republican Party Executive Committee of Logan County.

On February 4, 1966, Deskins properly filed his certificate of announcement as a Republican candidate for the office of commissioner of the county court and paid the filing fee required by statute. It is not disputed that he thereby became a duly qualified candidate for nomination. Following the 1966 Primary Election held on May 10, 1966, the board of canvassers certified that Deskins had been duly nominated.

While tacitly conceding that Deskins became a legally qualified candidate upon the announcement of his candidacy, as previously stated, the petitioners contend that, by reason of the action of the county court in redistricting the county on April 5, 1966, Deskins became ineligible and continued to be ineligible to be

nominated on May 10, 1966, the date on which he claims to have been nominated by the voters.

In *Wilson et al. v. The County Court of Logan County,* 150 W. Va. 544, 148 S. E. 2d 353, the Court, on May 5, 1966, upheld the legality and validity of the action of the county court in redistricting the county in such a manner that the number of magisterial districts was increased from three to four. At the time Deskins became a candidate on February 4. 1966, he was a resident of Logan District. As a result of the redistricting, Deskins' residence became a part of Guyan District. He continued to be a resident of that district until after May 10, 1966, the date of the Primary Election. The petitioners contend that Deskins was not eligible to be nominated by the voters on May 10, 1966, because he was on that date a resident of Guyan District and because Okey Hager, then a resident of Guyan District, was a duly qualified commissioner of the county court for a term of office which will not expire until 1970.

Code, 1931, 3-5-4, as amended, deals generally with nomination of candidates in primary elections and contains the following language upon which the respondents rely in relation to the eligibility of Deskins to have been nominated in the 1966 Primary Election: " * * * Where two or more such candidates are to be chosen in the primary election, the candidates constituting the proper number to be so chosen who shall receive the highest number of votes cast in the political division in which they are candidates shall be declared the party nominees and choices for such office, except that candidates for the office of commissioner of the county court shall be nominated and elected in accordance with the provisions of section 23 of article VIII of the Constitution of this State. * * *." The precise language upon which the petitioners rely is that portion of the above quotation which makes an exception applicable to candidates for the office of commissioner of a county court.

Section 23 of Article VIII of the Constitution of West Virginia, referred to in the statute quoted immediately above, deals with the election and terms of office of commissioners of county courts and contains the following language: "* * * But no two of said commissioners shall be elected from the same magisterial district. And if two or more persons residing in the same district shall receive the greater number of votes cast at any election, then only the one of such persons receiving the highest number shall be declared elected, and the person living in another district, who shall receive the next highest number of votes shall be declared elected. * * *."

The constitutional provision quoted above deals only with the election and not with the nomination of commissioners of county courts. It contemplates that two or more nominees representing different political parties may be candidates in a general election, though residents of the same magisterial district, but it clearly states that only one of such persons may be elected. The statute, however, deals with both nomination and election.

In 1934, in *Fansler v. Rightmire,* 115 W. Va. 492, 177 S. E. 288, in construing the constitutional provision that no two commissioners shall be elected from the same magisterial district, the Court held that the word "election" had reference to general elections, not to primary elections. In that opinion the Court stated: "It is apparent that the word 'election' as used in the constitutional provision, *supra,* was intended to refer to the final choice of the entire electorate. Candidates at the time of the adoption of our present Constitution were chosen by party conventions. A primary was not contemplated. * * * The very language of the constitutional provision, *supra,* clearly implies that there may be more than one candidate from the same magisterial district." The candidates in question in that case were all members of the Democratic Party. The pertinent statute at that time

contained the same language as the constitutional provision.

By Chapter 57, Acts of the Legislature, Regular Session, 1939, the legislature changed the rule of the *Fansler* case by the insertion of the following language in Code, 1931, 3-4-5, as amended:

"* * * Provided, however, that with respect to nominations of commissioners of county courts no two of such commissioners shall be nominated as the party candidates from the same magisterial district where more than one such commissioner is to be so nominated at any primary election, and if two or more persons residing in the same district shall in any case receive the greater number of votes cast at such primary election, then only the one of such persons receiving the highest number shall be declared nominated as the candidate of his party, and the person living in another district who shall receive the next highest number of votes shall be declared nominated as the candidate of his party, and so on to the next highest in another district; and in no event shall any such candidate be *nominated* from the same magisterial district wherein an already elected or otherwise qualified member of such county court resides and who will continue to hold office after the beginning of the term for which such nomination is made". (Italics supplied.)

By the 1939 amendment, the legislature made it unmistakably clear that one could not be nominated in a primary election as a candidate for the office of commissioner of a county court if he resided in a magisterial district wherein there resided a previously elected commissioner whose term of office would continue after the beginning of the term for which the nomination was sought. The language quoted above from the 1939 enactment remained unchanged in Code, 1931, 3-4-5, as amended, until the language under consideration in this case became a part of Code, 1931,

3-5-4, as amended, by Acts of the Legislature, Regular Session, 1963, Chapter 64. It seems clear, therefore, that under the provisions of the pertinent statute which was in effect from 1939 until 1963, Deskins, in the circumstances of this case, would not have been eligible for nomination in the 1966 Primary Election. We must consider whether, in this respect, the law has been changed by the 1963 amendment. The Court has not heretofore had occasion to construe the statute in its present form.

In *Irons v. Fry,* 129 W. Va. 284, 40 S. E. 2d 340, the Court quoted the constitutional provision involved in this case and also the statute as it existed at that time by reason of the enactment in 1939. In that case it was contended that S. P. Fry was not lawfully nominated in the primary election for the alleged reason that he was a resident of Union District of Wayne County and because W. Frank Harrison, a resident of the same magisterial district, was a duly qualified commissioner of the county court. In the preliminary order by which the Court's decision was announced, it was stated " '* * * that the notice of contest is insufficient in law and that upon the record the contestee, S. P. Fry, was a bona fide resident of Stonewall District, Wayne County, West Virginia, on the date of the primary election August 6, 1946, and that he was duly nominated at said primary election * * *' ". In the opinion, the Court stated that it was deemed advisable to note the reasons for its finding, as stated in the order, that Fry was a resident of Stonewall District on the date of the primary election. The Court then proceeded in the opinion to review the proof which formed the basis for the Court's finding that, on or about May 1, 1946, Fry moved his residence from Union District to Stonewall District. We believe the Court strongly implied, even if it did not actually hold, that Fry would have been ineligible or disqualified for nomination if he had been a resident of Union District on the date of the primary election; but that

it was proper for him to remove his ineligibility or disqualification by moving his residence to another district before the date of the primary election. The *Irons* case was referred to and its holding was summarized in *Slater v. Varney,* 136 W. Va. 406, 417-18, 68 S. E. 2d 757, 765, (on rehearing 136 W. Va. 436, 70 S. E. 2d 477).

*Fansler v. Rightmire,* 115 W. Va. 492, 177 S. E. 288, previously referred to in this opinion, involved a statute which authorized a continuance of a county court of seven commissioners in Tucker County until January 1, 1935. The statute provided further that, at the "general election" to be held in 1934, three commissioners were to be elected. This statute also included the exact words of the constitutional provision which is involved in the present case. That is, the legislature had not undertaken by that statute to supplement or extend the constitutional provision. In these circumstances the Court stated the question presented for decision as follows: "The statute (chapter 127) itself purports to deal only with the 'general election', 1934, and therefore can have no application here. So the pivotal point in this proceeding is whether the primary election is an 'election' within the meaning of the constitutional provision, *supra.* * * *." The Court's language quoted, we believe, implies that it would be legal and proper for the legislature by statute to extend the same disqualification or ineligibility to candidates for nomination in primary elections. In 1939, the legislature, as we have previously stated, enacted a statute which clearly undertook to do so.

The American system of nomination and election of candidates for public office was unknown to the common law. All such matters are proper subjects for legislative regulation within constitutional limitations. 25 Am. Jur. 2d, Elections, Section 4, page 694; *Meisel v. O'Brien,* 142 W. Va. 74, 77, 93 S. E. 2d 481, 483; *Simms v. County Court of Kanawha County,* 134 W. Va. 867, 871, 61 S. E. 2d 849, 851; *Evans v. Charles,*

133 W. Va. 463, 468, 56 S. E. 2d 880, 882. Primary elections are proper subjects for legislative regulation within constitutional limitations. *Cunningham v. Cokely,* 79 W. Va. 60, pt. 1 syl., 90 S. E. 546; 25 Am. Jur. 2d, Elections, Section 150, page 843. Article IV, Section 11 of the Constitution of West Virginia provides: "The legislature shall prescribe the manner of conducting and making returns of elections, * * *." In relation to this constitutional provision, the following was stated in *Halstead v. Rader,* 27 W. Va. 806, 808: "* * * It imposes no restriction whatever upon the power of the legislature. It is a command and not a grant of power; because the power existed in the legislature independent of the Constitution. The Constitution is a limitation and not a grant of legislative power." The power of the legislature to regulate elections is plenary within constitutional limitations. *Evans v. Charles,* 133 W. Va. 463, 468, 56 S. E. 2d 880, 882; *State ex rel. Forsythe v. County Court of Cabell County,* 131 W. Va. 570, 576, 48 S. E. 2d 412, 416.

In *Adams et al. v. Londeree et al.,* 139 W. Va. 748, 753, 83 S. E. 2d 127, 131, the Court stated: "This Court has carefully pointed out in its opinions that the wording of a particular statute relating to qualifications of candidates is controlling in determining the time when the qualifications must exist. * * *." To the same effect see *Jessup v. Hancock,* 238 Ark. 866, 385 S. W. 2d 24; Anno. 143 A.L.R. 1026; Anno. 88 A.L.R. 812.

"The right to become a candidate 'for election to public office' is a valuable and fundamental right. The legislature may, however, prescribe the qualifications of a person who desires to become a candidate for office, but provisions in that regard must be reasonable and not in conflict with any constitutional provision. A candidate must possess the statutory qualifications and electors cannot nominate as a candidate one who is disqualified to accept the nomination." 29

C.J.S., Elections, Section 130, page 377. To the same effect see 25 Am. Jur. 2d, Elections, Section 175, page 870.

In determining whether Deskins was eligible or qualified to have been nominated in the 1966 Primary Election we note that Code, 1931, 3-5-4, as amended, previously quoted in this opinion, contains the following language: "* * * except that candidates for the office of commissioner of the county court shall be nominated and elected in accordance with the provisions of section 23 of article VIII of the Constitution of this State * * *." We must assume that the legislature, in enacting this statute was cognizant of the fact that the constitutional provision had been construed by this Court in *Fansler v. Rightmire,* 115 W. Va. 492, 177 S. E. 288, to refer only to general elections and that the statute before the Court in that case contained the exact language of the Constitution. We may assume, therefore, that the purpose of the legislature was to accomplish something which had not already been accomplished by the constitutional provision. We should not assume that the legislature, in enacting the statute, was knowingly performing a vain and useless act. On the contrary, we believe the statutory provision that commissioners of the county court shall be "nominated and elected" in accordance with the provisions of Section 23 of Article VIII of the Constitution requires, in clear and unambiguous language, that such a candidate shall possess the residence qualifications prescribed by the Constitution at the time of his nomination.

The respondents allege in their answer that after May 10, 1966, the date of the Primary Election, and apparently on or about September 10, 1966, Deskins changed his residence from West Logan, Guyan District, to the City of Logan, Logan District. Upon the demurrer to the answer, this allegation must be accepted as true for the purposes of this case. *Wilson et al. v. County Court,* 150 W. Va. 544, pt. 2 syl., 148

S. E. 2d 353. However, as authorities previously quoted in this opinion indicate, if a statute requires that a candidate possess specified qualifications as a prerequisite to nomination, he must possess such qualifications at the time of his nomination and an alleged nomination in such a situation cannot be validated by the act of the candidate in thereafter removing his ineligibility or disqualification. In *State ex rel. Morrison v. Freeland,* 139 W. Va. 327, pt. 2 syl., 81 S. E. 2d 685, the Court stated: ''Where a statute requires that a person to be elected to office shall have a specific qualification at the time of his election, the requirement is not satisfied by the removal of the disqualification after election.'' The same general principle is applicable in this case as it relates to Deskins' alleged nomination.

In requiring that a candidate for commissioner of a county court must possess the residence qualification as a prerequisite to his right to be legally nominated, the statute does not violate the provisions of Section 23 of Article VIII of the Constitution. There is no inconsistency between the Constitution and the statute. The constitutional provision does not deal with primary elections for the very good reason that the law made no provision for primary elections until long after the Constitution was adopted. The mere fact that the constitutional language applies only to general elections does not prohibit the legislature from prescribing reasonable qualifications to be required of candidates for nomination for the office of commissioner of a county court. A somewhat analogous question was presented and decided in *State ex rel. Thompson v. McAllister,* 38 W. Va. 485, 18 S. E. 770. That case involved the question of the constitutionality of a statute in the light of the following language in Section 4 of Article IV of the Constitution of West Virginia: ''No person, except citizens entitled to vote, shall be elected or appointed to any State, county or municipal office; * * *.'' The statute provided that municipal councilmen

were required to be freeholders. It was contended that the statute, in requiring that councilmen be freeholders, created a qualification or condition of eligibility for office not required by the Constitution and that, therefore, the statute was unconstitutional. The Court held that the statute was not unconstitutional. To the same effect see *Kahle v. Peters,* 64 W. Va. 400, 62 S. E. 691; *McMillin v. Neely,* 66 W. Va. 496, pt. 1 syl., 66 S. E. 635; *Booten v. Pinson,* 77 W. Va. 412, 421, 89 S. E. 985, 989; *State ex rel. Ralich v. Millsop,* 138 W. Va. 599, pts. 1 and 2 syl., 76 S. E. 2d 737; *State ex rel. Morrison v. Freeland,* 139 W. Va. 327, 333, 81 S. E. 2d 685, 689.

For reasons previously stated, the Court held that Deskins was ineligible and not qualified for nomination on the date of the 1966 Primary Election; that, therefore, he was not legally nominated; and that, in these circumstances, it was legal and proper for the Republican County Executive Committee of Logan County to nominate Dr. W. E. Brewer as the Republican candidate for the office of commissioner of the County Court of Logan County.

It does not appear to be questioned that mandamus is a proper remedy in this case. *Summerfield v. Maxwell,* 148 W. Va. 535, 135 S. E. 2d 741.

For reasons stated in this opinion, the writ, as prayed for in the petition, was awarded. Judge Browning did not participate in the consideration and decision of this case.

*Writ awarded.*