342 S.E.2d 287

**Elizabeth STURM, Edith Reed, William McKnight, James Shifflet, Charles Foster and Jennings Archie Snyder**

v.

**Donald E. HENDERSON.**

No. 16660.

Supreme Court of Appeals of West Virginia.

April 4, 1986.

Michael R. Cline, Charleston, for appellant.

J.D. Sabo and Randall C. Levine, Buckahnnon, for appellee.

McHUGH, Justice:

This action is before this Court upon the appeal of Donald E. Henderson from the February, 1985 order of the Circuit Court of Upshur County, West Virginia. Pursuant to that order, the appellant was removed from his office as member of the Board of Education of Upshur County. This Court has before it, the petition for appeal, all matters of record and the brief of the appellant. This Court has not received a brief from the appellees.

I

In this State, county boards of education are statutory entities with functions of a public nature. *Evans v. Hutchinson,* 158 W.Va. 359, 214 S.E.2d 453 (1975). They are

each composed of five members elected upon a nonpartisan basis by the voters of the respective county. *W.Va.Code*, 18–5–1 [1945].

Members of county boards of education are elected, at primary elections, for six-year, staggered[1] terms. *W.Va.Code*, 18–5–1b [1975]. They must be residents of the county in which they seek office. *W.Va. Code*, 18–5–1a [1967].

Brought into question in this action is the further requirement that "[n]o more than two members [of a county board of education] shall be elected from the same magisterial district." *W.Va.Code*, 18–5–1 [1945]. More specifically, *W.Va.Code*, 3–5–6 [1978], provides:

[E]ach candidate seeking the office shall be identified as to the magisterial district from which he is a resident. In such nonpartisan election the person receiving the highest number of votes shall be elected for a long term, and if more than one is to be elected for a long term, the one receiving the next highest shall be elected; and if more than two are to be elected the candidate or candidates receiving the next highest votes shall be declared elected for any short term or terms, as the case may be, to fill vacancies; but no more than two such members shall be elected from the same magisterial district, and then only when such magisterial district does not have a holdover member of said board, and if such magisterial district has one holdover member on said board only one member shall be elected as aforesaid; and if more persons from a magisterial district receive the highest number of votes in said election, then of such persons only the person or persons having the highest vote who do not make the aggregate number of elected members and holdover members more than two from such magisterial district shall be declared elected, and the remaining members shall be declared from the highest from other magisterial districts; and in no event shall any member be declared elected from the same magisterial district wherein reside two already elected or otherwise qualified members of such board who will continue to hold office after the beginning of the term for which such election was held.

It should be noted that, pursuant to *W.Va.Code*, 7–2–2 [1931], the counties of this State are laid off into magisterial districts, which districts (to be not less than three nor more than ten in number for each county) are required to be "as nearly equal as may be in territory and population." In addition, *W.Va.Code*, 7–2–2 [1931], provides:

Whenever the county court [county commission] shall deem it advisable to change the boundary line between two or more districts, or to establish a new district out of another or two or more districts, or to consolidate two or more existing districts into one, it may make such change, establishment or consolidation, by an order entered of record.

It is from the above statutory setting that this action developed.

## II

The appellant lived in Upshur County and was a member of the Board of Education of Upshur County. His term expired in July, 1984. The magisterial district in which he resided was Union District. Also residing in Union District was Gary Frush, another board member. Board member John Tenney was a resident of nearby Washington District. The terms

---

1. *W.Va.Code*, 18–5–1b [1975], provides in part:

At the primary election in the year one thousand nine hundred seventy-six, one member shall be elected for a term of five and one-half years; at the primary election in the year one thousand nine hundred seventy-eight, two members shall be elected for a term of five and one-half years; and at the primary election in the year one thousand nine hundred eighty, two members shall be elected for a term of five and one-half years. The terms of the members so elected shall begin on the first day of January of the year subsequent to their election.

As the terms provided above expire, members shall be elected for six-year terms at the time of each regular primary election thereafter. The terms of such members shall begin on the first day of July next following the primary election at which they were elected.

of office of Frush and Tenney did not expire until after 1985.

The County Commission of Upshur County, in 1983, reduced the magisterial districts of the county from six to three. The new districts were known as the First, Second and Third Districts. As a result of the redistricting, the residences of the appellant, Gary Frush and John Tenney were in the Second District.

In view of the incumbency of Frush and Tenney, and the statutory provisions set forth above, the appellant attempted to change his residence to the Third District, in which district only one other board member resided. By county-wide vote in the June, 1984 primary, the appellant was elected to the board as resident of the Third District. As the parties have stipulated, the appellant "received the largest number of votes [of] any candidate" running for membership upon the board. The appellant assumed the office in July, 1984.

Thereafter the appellees (as residents, taxpayers and registered voters of Upshur County) filed an action in the Circuit Court of Upshur County seeking the removal of the appellant from office.[2] An evidentiary hearing upon the action was conducted.

Ruling in favor of the appellees, the circuit court concluded (1) that the appellant, in fact, resided in the Second District, rather than the Third District,[3] and (2) that the statutory requirement, that no more than

two members of a county board of education shall be elected from the same magisterial district, was constitutional. Thus, the circuit court ordered that the appellant be removed from office.

### III

In this appeal, the appellant does not contest the conclusion of the circuit court that, during the period in question, he resided in the Second District of Upshur County, rather than in the Third District. Nor does he challenge the procedures followed by the County Commission of Upshur County in reducing the magisterial districts of the county from six to three.[4] Rather, the appellant brings into question the constitutionality of the requirement, reflected in *W.Va.Code*, 18–5–1 [1945], and *W.Va.Code*, 3–5–6 [1978], that no more than two members of a county board of education shall be elected from the same magisterial district. For the reasons set forth below, we conclude that the requirement is unconstitutional.

■ As this Court has recognized, the right to become a candidate for public office is a fundamental right, and restrictions upon that right are subject to constitutional scrutiny. *Garcelon v. Rutledge*, 173 W.Va. 572, 574, 318 S.E.2d 622, 625 (1984); *Marra v. Zink*, 163 W.Va. 400, 404, 256 S.E.2d 581, 584 (1979); syl. pt. 1, *State ex rel. Piccirillo v. City of Follansbee*, 160

---

**2.** *W.Va.Code*, 6–6–7 [1931], provided in part:

Any person holding any county, magisterial district, independent school district, or municipal office, including the office of a member of a board of education, the term or tenure of which office is fixed by law, whether elected or appointed thereto, except a judge of a court of record, may be removed by the circuit court of the county wherein such officer or person resides, or the judge of such court in vacation, on any of the grounds, or for any of the causes, for which a state officer may be removed under section five of this article or for any of the causes or on any of the grounds provided by any other statute.

*W.Va.Code*, 6–6–7 [1931], was amended in 1985, but that amendment is not relevant to this action.

**3.** The circuit court determined that, although the appellant had acted in good faith, he failed

to establish his residency in the Third District. In that regard, the circuit court relied upon this Court's reasoning in *White v. Manchin*, 173 W.Va. 526, 318 S.E.2d 470 (1984). Syllabus points 7 and 9 of *White* state:

7. In West Virginia, the term "residence" is synonymous with the term "domicile" for election law purposes.

9. "The important facts in determining the domicile of a person who has more than one residence are the physical character of each, the time spent and the things done in each place, and whether or not there is an intention to return to the original domicile." Syl. pt. 4, *Shaw v. Shaw*, 155 W.Va. 712, 187 S.E.2d 124 (1972).

**4.** In syllabus point 3 of *Wilson v. County Court of Logan County*, 150 W.Va. 544, 148 S.E.2d 353 (1966), this Court indicated that a county commission "is given broad powers in redistricting the county...."

W.Va. 329, 233 S.E.2d 419 (1977); *State ex rel. Brewer v. Wilson*, 151 W.Va. 113, 121–22, 150 S.E.2d 592, 597 (1966), *overruled upon other grounds in Marra, supra*, 163 W.Va. 400, 408, 256 S.E.2d 581, 586.

The Constitution of West Virginia contains no express mandate which restricts, in terms of magisterial districts, the election of a candidate to a county board of education. There is no such restriction in the Constitution of the United States. Rather, our state constitution provides that "[n]o person, except citizens entitled to vote, shall be elected or appointed to any state, county or municipal office...." *W.Va.Const.* art. IV, § 4. Moreover, *W.Va.Const.* art. IV, § 8, provides that "[t]he legislature, in cases not provided for in this Constitution, shall prescribe, by general laws, the terms of office, powers, duties and compensation of all public officers and agents, and the manner in which they shall be elected, appointed and removed."

By contrast, the Constitution of West Virginia contains an express "magisterial district restriction" with respect to county commissioners. As provided by *W.Va. Const.* art. IX, § 10: "The commissioners shall be elected by the voters of the county, and hold their office for a term of six years, ... but no two of said commissioners shall be elected from the same magisterial district." *See State ex rel. Brewer v. Wilson*, 151 W.Va. 113, 150 S.E.2d 592 (1966), *overruled upon other grounds in Marra, supra*, 163 W.Va. 400, 408, 256 S.E.2d 581, 586 [candidate ineligible, because of change in county magisterial districts, to receive nomination for membership upon Logan County Court (Commission)].

Similarly, the Constitution of West Virginia contains an express restriction with regard to the election of senators of the Legislature of West Virginia. Pursuant to *W.Va.Const.* art. VI, § 4, this State was divided into senatorial districts for the election of such senators. That provision further states that "[e]very district shall elect two senators, but, where the district is composed of more than one county, both shall not be chosen from the same county."

We examined *W.Va.Const.* art. VI, § 4, in *White v. Manchin*, 173 W.Va. 526, 318 S.E.2d 470 (1984). In *White*, this Court discussed, *inter alia*, a West Virginia senatorial district composed of parts of Cabell and Wayne Counties. An incumbent state senator, Robert Nelson, resided in Cabell County. We held that, inasmuch as candidate Charles M. Polan, Jr. was not a resident of Wayne County during the period in question, he was ineligible to seek nomination to the state senate from that district. We observed in *White* that "if state senators were not required to reside in the county they represent as long as they resided in the senatorial district, West Virginia Constitution art. VI, § 4 would be rendered meaningless."[5] 173 W.Va. at 536, 318 S.E.2d at 480.

Unlike the situations involving county commissioners and senators of the state legislature, the Constitution of West Virginia contains no comparable restriction with regard to the election of a candidate to a county board of education. Rather, the "magisterial district restriction" before this Court is statutory and must be viewed in light of *W.Va. Const.* art. IV, § 4, and *W.Va. Const.* art IV, § 8.

In *Marra v. Zink, supra*, a Clarksburg, West Virginia, city charter provision, which required candidates for city council to be city residents for one year prior to nomination, was declared by the Circuit Court of Harrison County, West Virginia, to be unconstitutional. This Court affirmed and stated in the *Marra* opinion:

5. Syllabus point 6 of *White v. Manchin, supra,* states:

> Reading West Virginia Constitution art. VI, § 12, which provides that 'No person shall be a senator ... who has not for one year next preceding his election, been a resident of the district or county from which he is elected,' in pari materia with West Virginia Constitution

> art. VI, § 4, which provides that 'where the [senatorial] district is composed of more than one county, both [senators] shall not be chosen from the same county,' it is plain and unambiguous that senators representing senatorial districts composed of more than one county must be residents of both the county and the district from which they are elected.

[A]lthough *W.Va. Const.*, art. 4 § 8 provides authority for the Legislature to establish by general law 'terms of office, powers, duties, and compensation of all public officers and agents, and the manner in which they shall be elected ...' that constitutional section does not provide for the establishment of qualifications. * * * [Thus, we] hold that *W.Va. Const.*, art. 4 § 4 is the exclusive constitutional authority for the establishment of qualifications for municipal office and any qualifications in excess of that provision cannot be created by general law under authority of *W.Va. Const.*, art. 4 § 8 nor under the Legislature's plenary law making power.

163 W.Va. at 403, 256 S.E.2d at 584.

Moreover, this Court recognized in *Marra* that "[t]he law has been moving very rapidly in the direction of removing all unreasonable barriers to elective office through the use of constitutional provisions other than *W.Va. Const.*, art. 4 § 4." 163 W.Va. at 403, 256 S.E.2d at 584. (citations omitted).[6]

■ Although in the action before this Court we do not, unlike the facts in *Marra*, have a "durational" residency requirement, *see White v. Manchin, supra*, 173 W.Va. at 544, 318 S.E.2d at 488, we find the constitutional analysis of *Marra* persuasive and applicable to this appellant's quest for board membership. As in the case of the durational residency requirement of *Marra*, we find the "magisterial district restriction" before us in this action to be "in excess" of the qualifications for office authorized by the Constitution of West Virginia. In particular, we hold that *W.Va. Code*, 18–5–1 [1945], and *W.Va.Code*, 3–5–6 [1978], to the extent that they contain a provision that no more than a certain number of members of a county board of education "shall be elected from the same magisterial district," are in conflict with *W.Va. Const.* art. IV, § 4, and *W.Va. Const.* art. IV, § 8, concerning the qualifications of candidates for certain public offices, and are, therefore, unconstitutional.

In so holding, we are not unmindful of the language set forth in *W.Va. Const.* art. II, § 4, that "[e]very citizen shall be entitled to equal repesentation in the government, and, in all apportionments of representation, equality of numbers of those entitled thereto, shall as far as practicable, be preserved." We do not perceive, however, that such constitutional principle is advanced by the qualification "tied to residence" established under *W.Va.Code*, 18–5–1 [1945], and *W.Va.Code*, 3–5–6 [1978]. *Marra, supra*, 163 W.Va. at 405, 256 S.E.2d at 585. A county commission "is [ordinarily] given broad powers in redistricting the county ...," syl. pt. 3, *Wilson v. County Court of Logan County*, 150 W.Va. 544, 148 S.E.2d 353 (1966), which redistricting may often render ineligible, under *W.Va.Code*, 18–5–1 [1945], and *W.Va.Code*, 3–5–6 [1978], otherwise qualified candidates seeking membership upon a county board of education. Board members are currently elected by county-wide vote and will continue to be so elected in the absence of the "magisterial district restriction." We believe that our holding, that the restriction is unconstitutional, will facilitate equality of representation upon county boards of education and will protect the fundamental right to be a candidate for public office.[7] *Cf. Dusch v. Davis*, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967).

Accordingly, upon all of the above, the order of the Circuit Court of Upshur Coun-

---

**6.** This Court's opinion in *Marra v. Zink, supra*, further states that:

[S]ince there is no direct authority in our *Constitution* for the Legislature to establish qualifications for office in excess of those imposed by *W.Va. Const.*, art. 4 § 4, we find qualifications other than those in art. 4 § 4 unconstitutional by its very terms and under our own equal protection ... [due process and freedom of speech and assembly] provisions.

163 W.Va. at 407–08, 256 S.E.2d at 586. (citations omitted).

**7.** This Court discussed the "magisterial district restriction" in *State ex rel. Thomas v. Board of Ballot Commissioners*, 127 W.Va. 18, 31 S.E.2d 328 (1944), and *Orndorff v. Potter*, 125 W.Va. 785, 25 S.E.2d 911 (1943). The holdings in those cases, however, did not turn upon constitutional principles.

ty, removing the appellant from his office as member of the Board of Education of Upshur County, is hereby reversed, and this action is remanded to the circuit court for proceedings consistent with this opinion.

Reversed and remanded.