476 S.E.2d 559

**STATE of West Virginia ex rel. Harry BROWNE, Jo Jorgensen, and the Libertarian National Committee, Inc., Relators**

v.

**Ken HECHLER, Secretary of State, Respondent.**

No. 23637.

Supreme Court of Appeals of West Virginia.

Submitted Aug. 13, 1996.

Decided Aug. 22, 1996.

Robert M. Bastress, Morgantown, for Petitioners.

Amie Langfitt Johnson, Assistant Attorney General, Charleston, for Respondent.

CLECKLEY, Justice.

This election mandamus proceeding involves interpretation of the statutory requirements for placement on the general election ballot of third-party presidential and vice-presidential candidates. The dispute arose after the respondent rejected certificates and related filing fees submitted by the petitioners Browne and Jorgensen as untimely. The petitioners complain that the respondent has misinterpreted a proviso contained in W. Va.Code § 3-5-23(a) (1986).[1]

---

1. The petitioners also assert that, if the Court were to accept the respondent's interpretation of the relevant statutes, such interpretation would discriminate against third-party candidates in an

We agree with the petitioners and, therefore, grant a writ of mandamus compelling the respondent to accept the petitioners' certificates. Due to impending deadlines for ballot preparation, we are issuing our decision by opinion while the Court is in vacation.

The facts of this case are not in dispute. On October 4, 1995, the Libertarian Party filed with the respondent a petition informing him of its intention to place candidates for the office of president and vice-president on the 1996 general election ballot. On May 10, 1996, the Libertarian Party submitted over 20,000 signatures endorsing its nominating petition and the inclusion of its candidates on the general election ballot.[2] At its national convention which concluded on July 6, 1996, the Libertarian Party nominated petitioners Browne and Jorgensen as its candidates for president and vice-president. On July 10, 1996, the Libertarian Party tendered the $2,000 filing fee required, but the respondent informed the petitioners by letter dated the same day that their certificates and filing fee would not be accepted because a deadline of July 2, 1996, had expired. Later, on July 18, 1996, the Libertarian Party submitted a "Candidate's Certificate of Announcement for 1996 Elections" for both Browne and Jorgensen, but these were also rejected by the respondent.

The crux of the dispute between the parties involves interpretation of W.Va.Code § 3–5–23(a) (1986) which provides:

Groups of citizens having no party organization may nominate candidates for public office otherwise than by conventions or primary elections. In such case, the candidate or candidates, jointly or severally, shall file a declaration with the secretary of state if the office is to be filled by the voters of more than one county, or with the clerk of the circuit court of the county if the office is to be filled by the voters of one county or political subdivision thereof; such declaration to be filed at least thirty days prior to the time of filing the certificate provided by section twenty-four of this article: Provided, That the deadline for filing the certificate for persons seeking ballot access as a candidate for the office of president or vice president shall be filed not later than the first day of August preceding the general election. At the time of filing of such declaration each candidate shall pay the filing fee required by law, and if such declaration is not so filed or the filing fee so paid, the certificate shall not be received by the secretary of state, or clerk of the circuit court, as the case may be.

The respondent's rejection of the petitioners' certificates and fees is based upon the language of the statute immediately preceding the proviso. Specifically, the respondent contends that the declarations and fees were

unconstitutional manner. To be sure, this Court has repeatedly recognized that the right to run for political office is a fundamental right, *see, e.g., State ex rel. Sowards v. County Comm'n of Lincoln Co.,* 196 W.Va. 739, 474 S.E.2d 919 (1996), *Sturm v. Henderson,* 176 W.Va. 319, 342 S.E.2d 287 (1986), *State ex rel. Piccirillo v. City of Follansbee,* 160 W.Va. 329, 233 S.E.2d 419 (1977); that the right extends to third-parties and independent candidates seeking access to the general election ballot, *see, e.g., West Virginia Libertarian Party v. Manchin,* 165 W.Va. 206, 270 S.E.2d 634 (1980); and that substantial burdens on, or discrimination against, those who seek to invoke the right are unconstitutional unless the regulation in question is necessary to accomplish a compelling state interest, *see, e.g., Sowards, supra, Sturm, supra.* This right of candidacy is grounded in the voting and public office provisions of W. Va. Const. art. IV, §§ 1 and 4, *see, e.g., Marra v. Zink,* 163 W.Va. 400, 256 S.E.2d 581 (1979), *Piccirillo, supra;* and in the political rights conferred by W. Va. Const. art III, §§ 7

and 16, *see, e.g., State ex rel. Billings v. City of Point Pleasant,* 194 W.Va. 301, 460 S.E.2d 436 (1995). In addition, general principles of our fundamental rights/equal protection analysis under W. Va. Const. art. III, § 10, apply in cases involving discrimination against particular candidates. Although petitioners mount substantial arguments in this case that their constitutional rights have been violated, we are spared of the necessity of addressing those claims because we reject the respondent's interpretation of the relevant statutes.

2. Eventually, the respondent determined that a sufficient number of valid signatures were submitted to comply with statutory requirements for inclusion on the general election ballot of the Libertarian Party's candidates for governor and state senate, and admits in his response to the petition filed in this case that a sufficient number of valid signatures have been submitted for inclusion of the Libertarian Party's candidates for president and vice-president.

due on July 2, which the respondent calculates by counting back thirty days from August 1. The petitioners note, however, that the language relied upon by the respondent does not mention the August 1 date, but provides that the declaration is to be filed "at least thirty days prior to the time of filing the certificate provided by section twenty-four." W. Va.Code § 3–5–24 (1963), provides not for the filing of declarations by August 1, but rather "not later than the day preceding the date on which the primary election is held." The respondent argues, however, that the United States Supreme Court decision in *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983) effectively prohibits states from imposing deadlines for certifying third-party presidential candidates earlier than August 1, and that such date should be read into W. Va.Code § 3–5–24 (1963).[3]

As the respondent concedes, there is considerable ambiguity regarding the meaning of the language preceding the proviso, the majority of which results from the use of the terms "declaration" and "certificate." He asserts the term "declaration" refers to the requirement contained in W. Va.Code § 3–5–7 (1991) that candidates file a "certificate of announcement declaring as a candidate for the nomination or election to such office." This ignores the fact, however, that W. Va. Code § 3–5–7(f) (1991) provides, "The provisions of this section shall apply to the *primary election ...*," and, therefore, the statute does not apply to the general election. [Emphasis added]. Moreover, W. Va.Code § 3–5–7(a) (1991) provides, "The certificate of announcement shall be filed ... not later than the first Saturday of February next preceding the primary election day...." and does not refer to the general election, to July 2, to August 1, or to any other date.

When a third-party submits candidates for the office of president and vice-president for inclusion on general election ballot, not only is W. Va.Code § 3–5–7 (1991), related to the filing of declarations of candidacy, by its own terms, inapplicable; its provisions would serve no useful purpose. As noted by the petitioners, as well as by the United States Supreme Court in *Anderson, supra,* 460 U.S. at 804, 103 S.Ct. at 1578, the nominees of the major parties for the offices of president and vice-president are not directly selected through the primary election process, but rather are selected at nominating conventions, which occur well after the deadline proposed by the respondent and, in fact, after even the August 1 deadline provided by statute. The purposes of imposing deadlines for filing declarations of candidacy under W. Va.Code § 3–5–7 (1991) are to ensure the orderly administration of primary elections and to provide notice to the electorate of the identity of candidates seeking their party's nomination. Where nomination for candidates for inclusion on the general election ballot occurs through a mechanism other than primary election, however, the filing of a "declaration of candidacy" would not serve the purposes of the statute.

■ In addition to the respondent's misinterpretation of the language of W. Va.Code § 3–5–23(a) (1986), he also fails to adequately comprehend the effect of the proviso which follows the language of the statute upon which he relies. In Syllabus Point 2 of *State v. Ellsworth J.R.,* 175 W.Va. 64, 331 S.E.2d 503 (1985), this Court held, "The function of a proviso in a statute is to modify, restrain, or conditionally qualify the preceding subject to which it refers." *See also* Syl. pt. 5, *Robbins v. McDowell County Board of Education,* 186 W.Va. 141, 411 S.E.2d 466 (1991). Similarly, it has been stated, "Provisos serve the purpose of restricting the operative effect of statutory language to less than what its scope of operation would be otherwise." 2A Norman J. Singer, Sutherland Statutory Construction § 47.08, at 156 (5th ed.1992) (citations omitted).

---

**3.** We note that the court in *Socialist Workers Party v. Hechler,* 696 F.Supp. 190, 193 (S.D.W.Va.1988), *rev'd on other grounds,* 890 F.2d 1303 (4th Cir.1989), assumed for purposes of discussion that W. Va.Code § 3–5–23(a) (1986) mandates the filing of declarations of candidacy and filing fees by July 2, and the filing of certificates no later than August 1, by third-party candidates for president and vice-president. We further note, however, that such assumptions were made without any statutory analysis and that the August 1 deadline is not mentioned in *Anderson.*

In contrast to the ambiguity regarding the meaning of the language preceding the proviso, which might apply to third-party candidates for offices other than president and vice-president, the language of the proviso itself, with regard to those offices, is clear and unambiguous, providing that "the deadline for filing the certificate for persons seeking ballot access as a candidate for the office of president or vice-president shall be filed not later than the first day of August preceding the general election." [4] W. Va.Code § 3–5–23(a) (1986). The reference to the fee in this statute to be filed "[a]t the time of filing such declaration" probably initially referred to the language preceding the proviso, but a reasonable interpretation is that for the offices of president and vice-president, such fee is to be filed with the certificate filed by August 1. Therefore, we hold that, pursuant to W. Va.Code § 3–5–23(a) (1986), the deadline for filing with the secretary of state the certificate and fee for a person seeking ballot access as a candidate for the office of president or vice-president as the nominee of a third-party otherwise qualifying for inclusion on the general election ballot by method other than primary election is the first day of August preceding the general election, and such persons are not required to file a declaration of candidacy pursuant to W.Va.Code § 3–5–7 (1991). [5]

In Syllabus Point 2 of *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969), this Court held, "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Because the petitioners have established the legal right to have their certificates and fees accepted, the legal duty of the respondent to accept such certificates and fees, and the absence of any other adequate remedy, we grant a writ of mandamus compelling the respondent to process the certificates and fees submitted by the petitioners.

Writ granted.

---

4. We note that the proviso was inserted into the statute by a 1986 amendment which was presumably adopted in response to the decision in *Anderson*. 1986 W. Va. Acts ch. 76. It is this insertion, without corresponding amendment to related statutes, that is the primary source of the ambiguity in W. Va.Code § 3–5–23(a) (1986).

5. We note that the nominating conventions of the two major political parties this year were conducted after August 1 and, accordingly, that their nominees will not be certified to the respondent until after August 1. We reiterate that we do not decide whether, under certain circumstances, the August 1 deadline might unfairly discriminate against third-parties, and therefore be rendered unconstitutional. Although from the frequency of lawsuits regarding third-party access to the ballot, one might conclude that there is a tendency for the secretary of state to interpret any statutory ambiguity in a manner which excludes third-party candidates, we sympathize with the difficulty in deciphering the inartful and contradictory language used in the relevant statutes and urge the legislature to consider clarifying standards and procedures for third-party ballot access.